# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

CARLOS JOHNSON, :
:
    Petitioner, :
: CASE NO.: 1:11-CR-00012(WLS-TQL)
v. :
:
UNITED STATES OF AMERICA, :
:
    Respondent. :
:

## **ORDER**

    Before the Court are multiple *pro se* motions filed by Defendant Carlos Johnson. (Docs. 993, 995.) Johnson seeks compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) on the grounds that his confinement places him in risk of harm due to the COVID-19 pandemic.

    A motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A) allows for compassionate release only in particularly extraordinary or compelling circumstances that could not have been foreseen by the court at the time of sentencing. According to the United States Sentencing Guidelines, "extraordinary and compelling reasons" that may justify relief under 18 U.S.C. § 3582(c)(1)(A)(i) include: (1) defendants with medical conditions such as terminal illness; (2) defendants at least 65 years old; or (3) death or incapacitation of the caregiver of the defendant's minor child or minor children. U.S.S.G. § 1B1.13 cmt. n.1. Inmates may file directly to the Court only after exhaustion of administrative remedies or 30 days from receipt of a request by the Warden's Office.[1]

    Johnson requests compassionate release on the grounds that he is at an increased risk of harm due to the global COVID-19 pandemic due to suspected medical conditions and because he is currently housed in a facility where inmates have tested positive for the COVID-19 virus. (Docs. 993, 995.) Johnson asserts that he is unable to properly practice

---

[1] The Court notes that Johnson does not state in his pending motions whether he has exhausted his administrative remedies. However, it is of note that the USPO informed the Court that Johnson has not done so and further that it advised Johnson that he initiate a reduction in sentence with the Warden prior to filing further motions with this Court.

1

social distancing as recommended by the Center for Disease Control and that he cannot fully protect himself from the virus in the institution. (*Id.*) Johnson argues that he should be released to home confinement for his safety and because he has been rehabilitated through his time served to date. (*Id.*)

While Johnson's concerns are understandable, the Court finds that Johnson does not allege extraordinary or compelling circumstances that justify relief under § 3582(c)(1)(A)(i). Johnson's arguments are similar to that of previous motions denied by this Court on similar grounds. (Doc. 972.) Johnson failed to submit any evidentiary support to confirm that his current health issues or concerns, which are not terminal, would warrant release because of the risks associated with COVID-19. Further, as other courts have noted, Johnson is likely to receive superior care in prison than he would on the outside. *See United States v. Grobman, No. 18-CR-20989-[2], 2020 U.S. Dist. LEXIS 63602, at \*13* (S.D. Fla. Mar. 29, 2020). Release from imprisonment does not ensure Johnson's avoidance of COVID-19 because the risk is shared by the public at large.

Thus, after careful and complete review of record and Johnson's Motions in conjunction with the factors set forth in 18 U.S.C. 3553(a)[2] and the standard discussed above, the Court does not find that Johnson has demonstrated that he is eligible for release under § 3582(c)(1)(A)(i). Johnson's requests fail to satisfy the requirements for granting compassionate release based on extraordinary or compelling circumstances. Accordingly, Johnson's Motions (Docs. 993, 995) are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this 4th day of March, 2021.

                                       /s/W. Louis Sands
                                       **W. LOUIS SANDS, SR. JUDGE**
                                       **UNITED STATES DISTRICT COURT**

---

[2] Pursuant to 18 U.S.C. 3582(c)(1)(A), the Court must consider any request to modify a sentence in consideration of the factors set forth in section 3553(a).