**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA,  :
           :
v.           :
           :  CASE NO.: 1:11-CR-00012 (WLS)
CARLOS JOHNSON,    :
           :
   Defendant.    :
           :

## ORDER

   Before the Court is Defendant's Motion for Compassionate Release (Doc. 1043), filed on January 14, 2025. After review, the Motion is **DENIED**. Defendant cannot satisfy any Sentencing Guidelines authorized ground for compassionate release. So he cannot show that extraordinary and compelling reasons justify a sentence reduction.

## I. BACKGROUND

   Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841, on August 12, 2011. (Docs. 355 & 357). He was sentenced on June 13, 2013, to life imprisonment to be followed by five years of supervised release. (Doc. 772). Defendant's sentence was subsequently reduced to 264 months imprisonment due to a retroactive amendment to the Sentencing Guidelines and Rule 35. (Doc. 919 & 926). Defendant previously filed four motions for compassionate release, all of which were denied. (*See* Docs. 971, 993, 995, 1009).

   Defendant filed the instant Motion (Doc. 1043) on January 14, 2025. The Government responded on February 4, 2025. (Doc. 1046). On March 18, 2025, Defendant filed a Motion for Extension of Time (Doc. 1048) to file a reply to the Government's response, citing delays in the prison mail system and limited access to the prison law library. Defendant requested a thirty-day extension. (Doc. 1048 at 2). Before the Court ruled on his Motion, Defendant promptly filed his Reply (Doc. 1049)[1] on March 31, 2025. Even so, the Court finds that good

---

[1] The Court notes that Defendant's Reply exceeds the page limitation prescribed by the Local Rules by two pages. *See* M.D. Ga. L.R. 47.4 ("Except upon good cause shown and leave given by the court . . . the movant's reply brief may not exceed ten (10) pages."). Defendant's Reply is twelve pages. Defendant did not seek leave

cause existed for Defendant's requested extension. As such and for the purpose of completing the Record, Defendant's Motion for Extension of Time (Doc. 1048) is **GRANTED**.

At the Court's request, the United States Probation Office (USPO) prepared a memorandum giving its opinion on Defendant's Motion. USPO recommends the Court deny it.

## II.    MOTION FOR COMPASSIONATE RELEASE

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 1043 at 1). Generally, the Court may not modify a term of imprisonment. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Even so, the Court may reduce a sentence if it finds "extraordinary and compelling reasons" to do so. § 3582(c)(1)(A)(i). This requires the defendant to satisfy one of the Sentencing Guidelines' enumerated grounds for compassionate release. *United States v. Bryant*, 996 F.3d 1243, 1263–64 (11th Cir. 2021) (citing U.S.S.G. § 1B1.13(b)), *superseded in part on other grounds by* U.S.S.G. § 1B1.13 (2023). Extraordinary and compelling reasons can exist under (1) the medical circumstance of the defendant, (2) the age of the defendant, (3) family circumstances of the defendant, (4) defendant is a victim of abuse, (5) other similar reasons, and (6) an unusually long sentence. § 1B1.13(b).

The Court construes Defendant as asserting a single ground for compassionate release: unusually long sentence. After addressing Defendant's arguments, the Court isn't persuaded that compassionate release is appropriate in this case.

### A.  Unusually Long Sentence

Section 1B1.13(b)(6)—a recent addition—permits a sentence reduction if a subsequent change in the law, not made strictly retroactive, would produce a gross disparity between the sentence a defendant is serving and the sentence a court would likely impose today. U.S.S.G.

---

of Court to exceed the page limit prior to filing, and a notice of deficiency was entered on the Docket on March 31, 2025. Defendant submitted a second Reply (Doc. 1050) on April 14, 2025, which is identical to the first Reply in all aspects except it does not contain page numbers. The second Reply is also twelve pages in length. However, in the interest of fairness and because the Government does not object, the Court will consider the arguments raised in Defendant's second Reply.

§ 1B1.13(b)(6) (Nov. 1, 2023) (amending U.S.S.G. § 1B1.13(b)(6) (2021)).[2] Defendant argues that an unusually long sentence justifies a reduced sentence. (Doc. 1043 at 16–23).

First, Defendant points to the Fair Sentencing Act of 2010 ("FSA") to argue that he should have a shorter sentence. (Doc. 1043 at 20–22). Defendant has asserted this argument in previous motions for compassionate release. (*See* Docs. 960 & 1009). In denying those motions, the Court has repeatedly explained that Defendant received the benefit of the FSA's provisions when he was sentenced in 2013, even though his offense conduct occurred between 2008 and 2011. (*See* Docs. 968 & 1014). Thus, Defendant's assertion that he is serving a sentence "under the pre-FSA statutory penalty structure" is simply incorrect. (Doc. 1043 at 21). Defendant was sentenced in 2013 in accordance with the FSA. And because § 404(c) of the First Step Act prohibits the Court from entertaining a motion made under the First Step Act of 2018 if the sentence was previously imposed in accordance with the FSA, Defendant is not eligible for sentence reduction under the FSA.

Second, Defendant contends that, based on subsequent cases from the Supreme Court, his sentence should be reduced due to the drug weight he pleaded guilty to rather than the drug weight for which he was held responsible. (Doc. 1043 at 23–25). Defendant cites *Apprendi v. New Jersey*,[3] which held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt[,]" 530 U.S. 466, 490 (2000), and *Alleyne v. United States* which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. 99, 103 (2013). Neither case demonstrates that Defendant's imposed sentence is a gross disparity.

Defendant, in his plea agreement, stipulated "that for the purpose of determining the amount of cocaine attributable to the defendant, his sentence will be based on at least 5 but less than 15 kilograms of cocaine and at least 280 grams but less than 840 grams of cocaine base." (Doc. 357 at 19). In preparing Defendant's presentence investigation report, USPO

---

[2] The Government argues that § 1B1.13(b)(6) is invalid because it exceeds the Sentencing Commission's authority. (Doc. 1046 at 4–7). Whatever the merits of that argument—if any—the Court need not reach it, because Defendant fails to satisfy § 1B1.13(b)(6)'s requirements.

[3] The Court notes that *Apprendi* was decided before Defendant was sentenced, so he cannot rely on its holding as a subsequent change in the law.

used "15 kilograms of cocaine and 280 grams of cocaine base" to determine Defendant's guideline range. (Doc. 753 ¶ 32). The Government contends that had Defendant's case gone to trial, the Government would have been able to prove that Defendant was responsible for significantly more drugs than what was stipulated to, and that in any event, Defendant's "guideline range was not impacted by any non-retroactive changes to the drug quantity table as his range still would have been 360 months' imprisonment to life." (Doc. 1046 at 10–11 (citing U.S.S.G. 5 Pt. A). The Court agrees and finds that Defendant has not shown a subsequent change in the law that creates a disparity between the sentence he is serving and the sentence he would receive today.

Third, Defendant points to his ineligibility to participate in the Residential Drug Treatment Program (RDAP), which would permit an additional one-year reduction in his sentence. (Doc. 1043 at 25–27). Defendant was deemed ineligible for the program because he received an enhancement for possessing a firearm during the commission of the instant offense. (*See* Doc. 723). The Court addressed this argument in denying a previous motion for compassionate release, finding that Defendant's ineligibility for RDAP did not constitute an extraordinary or compelling reason for sentence reduction. (*See* Doc. 1014). Again, the Court notes that it overruled Defendant's objection to the firearm enhancement at sentencing after hearing from both the Government and Defendant. The sentence the Court imposed was based on the totality of the circumstances, which included the extraordinary number of illegal narcotics involved, the number of people to whom Defendant distributed drugs to, Defendant's role in the offense, the impact of his conduct on the community, and the need to impose a sentence to deter similar conducts and acts. (Doc. 773 at 4); (Doc. 1014 at 3). Defendant's ineligibility to participate in RDAP does not demonstrate that he is serving an unusually long sentence or that there is a gross disparity in the sentence that would be imposed today.

Finally, Defendant points to the sentences of his co-defendants to argue a gross disparity exists between their sentences and the sentence he is currently serving. (Doc. 1043 at 27). In listing the sentences of the numerous co-defendants convicted in this case, Defendant omits the sentence of his brother, Kelvin Johnson, who was sentenced to 288 months imprisonment. (*Id.* at 29–30). The Government notes, as the Court is well aware, that

4

Defendant, alongside his brother, was "the co-leader of the entire drug operation and one of the two most culpable individuals in the conspiracy." (Doc. 1046 at 16). As such, Defendant and Kelvin received sentences longer than other co-defendants but proportional to their conduct and roles in the offense. Thus, the Court is not persuaded that Defendant's sentence, which is twenty-four months shorter than his brother's, is grossly disparate to other co-defendants in this case.

The Court also rejects Defendant's recalculation of his guideline range. Defendant's sentencing guideline range today would be based on a total offense level of 42 and a criminal history category of IV. The results would be a guideline range of 360 months' imprisonment to life imprisonment which is the exact guideline range Defendant received after his sentence reduction based on Amendment 782 in 2015. (*See* Doc. 913); (Doc. 1046 at 15).

To be sure, Defendant's amended sentence of 264 months is long. Perhaps unusually so. But he hasn't identified any subsequent change in the law that creates a disparity between the sentence the Court would impose now and the one he is currently serving. (*See* Doc. 1043 at 16–23). Without identifying a legal change, he cannot show his sentence was unusually long under § 1B1.13(b)(6).

## CONCLUSION

Consequently, Defendant's Motion for Compassionate Release (Doc. 1043) is **DENIED**. Having rejected his arguments, and after careful and complete review of the Motion and the Record, the applicable factors at 18 U.S.C. § 3553(a), and the policy statements at U.S.S.G. § 1B1.13, the Court doesn't conclude or find that extraordinary and compelling reasons warrant a sentence reduction in this case.

**SO ORDERED**, this 20th day of May 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**